UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| CELESTINE MICHELLE POLK * | NO. 06-cv-01517 |
|     Plaintiff * | |
| * | |
| VERSUS * | JUDGE DRELL |
| * | |
| * | |
| DUBUIS HEALTH SYSTEM D/B/A * | |
| DUBUIS HOSPITAL OF ALEXANDRIA * | MAG. JUDGE KIRK |
| * | |

**************************************

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COUNTS I, III AND IV
OF PLAINTIFF'S COMPLAINT AND JURY DEMAND
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND/OR RULE 56**

Defendant, Dubuis Health System, Inc. (incorrectly named as Dubuis Health System d/b/a Dubuis Hospital of Alexandria, hereinafter "Dubuis"), through undersigned counsel, submits this Memorandum in Support of its Motion to Dismiss Counts I, III and IV of Plaintiff's Complaint and Jury Demand Pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or Rule 56.[2]

**I. BACKGROUND**

Until her termination on September 9, 2005, Plaintiff worked at Dubuis Hospital of Alexandria, Louisiana, in a position through which she could be assigned duties as a unit secretary, monitor tech or certified nursing assistant. ¶¶ 5-8 Complaint. She was terminated as a

---

[2] With respect to the narrow issue of establishing that Dubuis' medical plan is a church plan, Defendant recognizes that rather than addressing this pleading as a 12(b)(6) motion, this Honorable Court may regarding it as a partial motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

1

result of an incident that occurred on September 2, 2005, when Plaintiff purportedly became ill while on duty and left her job without permission. ¶¶ 9, 17 Complaint. Plaintiff claims that Dubuis: (a) violated the Consolidated Omnibus Reconciliation Act of 1986 (COBRA) because it did not offer continuation of her medical coverage following her termination (Count I, ¶¶ 33-38; Complaint); (b) failed to comply with the Family and Medical Leave Act (FMLA) of 1993 by not offering her a leave before she was terminated (Count II, ¶¶ 39-49 Complaint); (c) wrongfully terminated her by breaching an implied employment contract (Count III, ¶¶ 50-58 Complaint); and (d) breached Louisiana's covenant of good faith and fair dealing when it terminated the employment relationship (Count IV, ¶¶ 59-64 Complaint).

This Motion to Dismiss addresses Counts I, III and IV. With respect to Count I, Dubuis' employee medical plan is a "church plan" that is exempt from the requirements of COBRA. Therefore, Plaintiff's COBRA claim cannot proceed. Further, the claims that Plaintiff's asserts in Counts III and IV are not cognizable under Louisiana employment law. As explained in detail below, all three of these Counts are, on their face, destined to fail and must be dismissed.

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the legal sufficiency of the Complaint and must be granted if it appears to a certainty that the plaintiff can prove no set of facts that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The purpose of the motion is "to allow the court to eliminate actions that are fatally flawed in their legal premise and destined to fail, and thus spare the litigants the burdens of unnecessary pre-trial and trial activity." *Advanced Cardiovascular Sys., Inc., v. Seimed Life Sys.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). For the following reasons, Plaintiff's claims are "fatally flawed" and should be dismissed.

## III. ARGUMENT

**A. Dubuis Sponsors a "Church Plan" That is Not Subject to COBRA Requirements**

Church plans are excluded from coverage by the Employee Retirement Income Security Act (ERISA), which encompasses COBRA. 29 U.S.C. §1003(b)(2); 29 U.S.C. §1161 *et seq*. Thus, Plaintiff cannot pursue a COBRA claim against Dubuis or its employee medical plan.

A "church plan" is one established and maintained for its employees by a church or convention or association of churches exempt from tax under section 501 of Title 26. 29 U.S.C. § 1002(33)(A). This definition includes employees of an organization "controlled by or associated with a church or convention of churches." 29 U.S.C. §1002(33)(C)(ii)(II). An organization is associated with a church or convention of churches if it shares common religious bonds or convictions with that church or convention of churches. 29 U.S.C. § 1002(33)(C)(iv); 26 U.S.C. § 414(e)(3)(D).

To determine whether an organization shares common religious bonds or convictions with a church, courts evaluate whether the religious institution plays any official role in the governance of the organization; whether the organization receives assistance from the religious institution; and whether a denominational requirement exists for any employee or patient of the organization. *Chronister v. Baptist Health*, 442 F.3d 648, 653 (8th Cir. 2006). As explained below, the Roman Catholic Church plays a central role in Dubuis' operations and governance. The Church also provides substantial assistance to Dubuis through Christus Health and two Congregations of the Church, the Sisters of Charity of the Incarnate Word. These interrelationships establish the common religious bonds and convictions necessary to classify Dubuis' medical plan as a "church plan."

### 1. Dubuis' Association with the Church Through the Sisters of Charity of the Incarnate Word and Christus Health

Dubuis is a nonprofit 501(c)(3) corporation whose sole corporate member is Christus Health ("Christus"), a nonprofit corporation established and operated by the Houston and San Antonio Congregations of the Sisters of Charity of the Incarnate Word ("SCH" and "SCSA"). These Congregations are Pontifical Institutes of the Consecrated Life of the Roman Catholic Church, approved and confirmed by His Holiness, the Pope. Erick Smith Dec. ¶5, Exhibit 1, Article IV. In other words, Christus is the embodiment of the Sisters' religious mission in the world of healthcare. Christus[3] operates acute care hospitals and other healthcare facilities. Dubuis operates specialty, long-term acute care facilities. Through Christus, the Sisters fully integrate Dubuis with the Catholic Church.[4]

In fact, at its core, Dubuis is inextricably immersed in the mission of the Sisters and the Church. The Dubuis Governing Board, through its executives, autonomously conducts the daily operations of its healthcare facilities. Its by-laws specify, however, that Dubuis' hospitals and healthcare facilities "are and always shall be instrumentalities of the Church" and are to be managed in accordance with the "doctrinal and moral tradition and laws of the Roman Catholic Church…" Smith Dec. ¶13, Exhibit 2, Section 1.2. Moreover, Christus founded Dubuis; funded its start-up; is the corporation's sole corporate member; holds critical reserved powers; and directly elects one half of Dubuis' voting Board members. *Id.* The Dubuis Board is currently comprised of 10 voting members, as it was throughout the time of Plaintiff's employment. Three of these Board members are themselves members of a religious Order, including one Catholic

---

[3] Christus' by-laws establish that its sole members are Sisters from either the SCH or SCSA Congregation. Further, Christus' purpose is to advance, promote and support the healthcare mission of Sisters. Smith Dec. ¶8, Exhibit 3, Articles IV and V.

[4] The Sisters of Charity of the Incarnate Word trace their roots to Dubuis' namesake, Catholic Bishop Claude Dubuis. Smith Dec. ¶11.

Priest and two Sisters.  Smith Dec. ¶16 , Exhibit 1, Section 1.2.  Dubuis' Senior Vice President of Mission is a Roman Catholic Brother and Priest.  Smith Dec. ¶17.

### 2. The Church, Through Christus, Plays an Essential Role in Dubuis' Governance and Provides Assistance to the Organization

Not only do Dubuis' by-laws establish that its facilities are and shall remain instrumentalities of the Catholic Church, but through Christus, the Sisters maintain an essential role in governance of the organization.  Indeed, one of Dubuis' stated corporate purposes is to support and further the purpose of Christus Health.  Moreover, Christus' reserved powers include the right to approve (or withhold approval) of: any change to Dubuis' by-laws or Articles of Incorporation; any action or inaction at variance with Christus' policies; the creation or acquisition of any other corporations or business entities; any sale, lease, transfer or encumbrance of real property or any merger, consolidation, liquidation or dissolution.

Christus also assists Dubuis in a variety of ways.  This assistance includes providing loans and/or cash contributions in support of projects.  Additionally, Christus permits Dubuis to participate in its programs that provide coverage for medical malpractice, workers' compensation and/or property loss claims, as well as its retirement and matched savings programs.  Moreover, approximately one half of all Dubuis facilities are physically located within a Christus facility.  Smith Dec. ¶21.

As the foregoing illustrates, the Church, through Christus and the Sisters, plays a foundational role in Dubuis' governance and provides it with material assistance.  Therefore, based upon the factors considered most important both by courts and the United States Department of Labor, Dubuis' employee medical plan is a "church plan," which is not subject to

ERISA.[5]  *Chronister*, 442 F.3d at 653; Dep't of Labor, Advisory Letter Nos. 95-02A, 2004-11A. In fact, the Department considered the foregoing and other factors in determining that employee benefit plans sponsored by SCH and its Health Care Centers were church plans, not subject to ERISA.  Dep't of Labor, Advisory Letter No. 96-19A.

Accordingly, Count I of the Complaint must be dismissed because Dubuis' plan is not subject to COBRA.

### B.  Louisiana Law Does Not Recognize Implied Contracts of Employment

Relying upon Dubuis' written policies and purported statements during staff meetings, Plaintiff claims in Count III that she was wrongfully terminated in violation of an implied contract of long-term employment.  Complaint ¶¶ 51-52.

Louisiana, however, does not recognize such implied contracts.  Instead, it recognizes a presumption in favor of at-will employment.  *Stanton v. Tulane University of La.*, 2000-0403 (La. App. 4th Cir. 01/10/2001) 777 So.2d 1242, 1250-51.  An employee not hired for a fixed term or pursuant to an employment contract may be terminated without cause at any time.  La. Civ. Code art. 2747 (West 2004); *Copeland v. Gordon Jewelry Corp.*, 288 So.2d 404 (La. App. 4th Cir. 1974); *Brannan v. Wyeth Labs, Inc.*, 526 So.2d 1101 (La. 1988).  Employee handbooks and/or policies, including grievance procedures, do not create exceptions to the at-will presumption or confer contractual rights.  *Stanton*, 777 So.2d at 1250-51; *Mix v. The University of New Orleans*, 609 So.2d 958, 964 (La.App. 4th Cir. 1992).

Plaintiff does not allege that she was hired for a fixed term or that she entered into a separate agreement that altered the at-will presumption.  On the contrary, she expressly bases her claim solely upon the contention that Dubuis policies created an **implied** contract of

---

[5] Dubuis has not executed an election for its employee medical plan to be treated as an ERISA plan.  26 U.S.C. § 410(d).  Smith Dec. ¶22.

employment. ¶¶ 50-58 Complaint. Under well-established and unambiguous Louisiana law, Plaintiff's theory is therefore doomed to fail. Accordingly, her claim for breach of an implied employment contract must be dismissed.

### C.  Count IV Presents a Claim That is Unrecognized in the At-Will Relationship

In Count IV, Plaintiff asserts that Dubuis breached "the covenant of good faith and fair dealing." ¶¶ 59-64 Complaint. Such a claim is rooted in the relationship between the parties. *Phillips v. Patterson Ins. Co.*, 01-1545 (La. App. 3rd Cir. 4-03-220) 813 So.2d 1191, 1194-95. Plaintiff bases her claim upon the law of contracts or obligations. ¶ 62 Complaint, citing La. Civ. Code Articles 1759, 1983, 1967. Once again, relying solely upon a non-existent and unrecognized **implied** contract, she cannot state a viable claim.[6] *Stanton*, 777 So.2d at 1251.

Absent a recognized contract, the employment relationship between Plaintiff and Dubuis was at-will. *Stanton*, 777 So.2d at 1250-51. In this context, there is no claim for the breach of a covenant of good faith and fair dealing. In fact, such a claim is completely "foreign" to Louisiana employment law and cannot succeed. *Id.* Therefore, it must be dismissed.

---

[6] To the extent that Plaintiff purports to assert a detrimental reliance claim (¶ 61 Complaint), it too must fail. To succeed, Plaintiff must show: 1) Dubuis' representation by conduct or words; 2) her justifiable reliance thereon; and 3) a change of position to her detriment because of the reliance. *Nichols v. Allstate Insurance Co.*, 765 So.2d 1017, 1031 (La. 2000), *citing, Morris v. Friedman*, 663 So.2d 19, 25 (La. 1995). Under the at-will employment relationship, she cannot establish these elements and such a claim would also be doomed to fail.

## IV.  CONCLUSION

For the reasons and authorities set forth above, Dubuis' partial motion to dismiss should be granted, Counts I, III and IV of Plaintiff's Complaint and Jury Demand should be dismissed, with prejudice, and Dubuis should be awarded the costs and attorney's fees[7] incurred in defending these unwarranted claims.

Respectfully submitted, this 27th day of November, 2006.

s/ A. Kevin Troutman
A. KEVIN TROUTMAN, T.A.
Louisiana Bar No. 27668
ROBERT K. McCALLA
Louisiana Bar No. 9233
FISHER & PHILLIPS LLP
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana  70170
Telephone:  (504) 522-3303
Facsimile:  (504) 529-3850

**ATTORNEYS FOR DEFENDANT,
DUBUIS HEALTH SYSTEM, INC.**

---

[7] Before filing this Motion, undersigned counsel pointed out the fatal flaws in Counts I, III and IV of the Complaint and Jury Demand and called upon Plaintiff's Counsel to dismiss those Counts.  Exhibit A.  Plaintiff has considered this information, but has decided not to amend the Complaint.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **CELESTINE MICHELLE POLK** * | NO. 06-cv-01517 |
|     **Plaintiff** * | |
| * | |
| **VERSUS** * | JUDGE DRELL |
| * | |
| * | |
| **DUBUIS HEALTH SYSTEM D/B/A** * | |
| **DUBUIS HOSPITAL OF ALEXANDRIA** * | MAG. JUDGE KIRK |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE

I, A. Kevin Troutman, hereby certify that on this 27th day of November 2006, I have electronically filed Defendant's Memorandum in Support of Defendant's Motion to Dismiss Counts I, III and IV of Plaintiff's Complaint and Jury Demand Pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or Rule 56 with the Clerk of Court through the CM/ECF document filing system and that such system will forward a copy of this filing to:

Dayne M. Freeman
Otha Nelson, Jr.
Freeman & Nelson, LLC
Roumain Building
343 Third Street, Suite 404
Baton Rouge, LA 70801

                                              s/ A Kevin Troutman
                                              A. KEVIN TROUTMAN