UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CELESTINE MICHELLE POLK                    CIVIL ACTION NO. 06-1517
          *Plaintiff*
                                           JUDGE DRELL
VERSUS
                                           MAGISTRATE KIRK
DUBUIS HEALTH SYSTEM D/B/A
DUBUIS HOSPITAL OF ALEXANDRIA
          *Defendant*

<u>OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNTS I, III, AND IV
OF PLAINTIFF'S COMPLAINT AND JURY DEMAND
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND/OR RULE 56</u>

**MAY IT PLEASE THE COURT**:

NOW INTO COURT, comes plaintiff CELESTINE POLK ("Mrs. Polk"), by her undersigned counsel, who with respect files her Opposition to Defendant, DUBUIS HEALTH SYSTEM D/B/A DUBUIS HOSPITAL OF ALEXANDRIA (hereinafter referred to as "Defendant Dubuis"), Motion to Dismiss and for Attorney's Fees.

## I.  INTRODUCTION

On or about September 22, 2002, plaintiff was hired by Dubuis Hospital of Alexandria as a Certified Nursing Assistant. Within one year of her hire, Mrs. Polk was promoted to a Level 3 position. Her Level 3 responsibilities included assuming the duties all at once as a Unit Secretary, a Monitor Tech, and a Certified Nursing Assistant. Plaintiff worked in her Level 3 position until she was dismissed from the same on September 9, 2005. The facts surrounding plaintiff's termination are more fully set forth in the complaint filed in this cause and are incorporated by reference.[1]

---

[1]  <u>See</u> Plaintiff's Complaint, ¶¶ 6-65.

Both before and after Plaintiff's termination, Defendant Dubuis failed to notify Plaintiff of her right to health care continuation coverage, as required by 29 U.S.C. §§1163(2), 1166(a)(2), (4).  Defendant Dubuis further failed to offer Plaintiff the opportunity to continue her existing coverage under the Defendant's group health plan at her expense for a specified period of time.

As a result of her termination, Mrs. Polk filed a complaint against her former employer, the defendant, alleging violations of Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"),  Family Medical Leave Act of 1993 ("FMLA"), and state law claims of wrongful termination due to breach of implied contract and the breach of the covenant of good faith and fair dealing.  Defendant has moved to dismiss Counts I, II, an IV of the plaintiff's complaint and moves for attorney's fees.  Plaintiff now files her opposition to defendant's motion.

## II. LAW AND ARGUMENT

Motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) are viewed with disfavor and rarely granted.[2]  The purpose of the motion to dismiss under Rule 12(b)(6) is to give the defendant fair notice of plaintiff's claim and the grounds upon which plaintiff relies,[3] and  to test the formal sufficiency of the statement of the claim for relief.[4] It is not a procedure for resolving a contest about the facts or merits of the case.[5]

---

[2]  *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953.

[3]  *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1987).

When considering a motion to dismiss, the court must construe an initial complaint liberally,[6] so as to do substantial justice,[7] accept as true the well-pled factual allegations in the complaint, resolve any ambiguities or doubts regarding the sufficiency of the claims in favor of the plaintiff,[8] and examine the complaint to determine if the allegations provide for relief on any possible theory.[9]   The complaint must, however, contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.[10]   Finally, the court must keep in mind that, when reviewing the sufficiency of a plaintiff's complaint before the reception of any evidence either by affidavit or admissions the court's task is necessarily a limited one.   The issue is not whether the plaintiff will ultimately prevail or is

---

[4]   *Clark v. Johnson County*, 2002 WL 912778(N.D.Tex.2002).

[5]   5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, §1356 (2d ed. 1990).

[6]   *Jones v. State of Louisiana*, 764 F.2d 1183, 1185 (5th Cir.1985).

[7]   *Conley*, 355 U.S. at 47.

[8]   *Clark*, 2002 WL 912778, *1(citing *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)).

[9]   *McConathy*, 131 F.3d at 561.

[10]   *Clark*, 2002 WL 912778, *1(citing *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995)).

likely to prevail, but whether the plaintiff is entitled to offer evidence to support the claims upon which he or she sues.[11]

### A.      Plaintiff has stated a cause of action under ERISA.

Defendant argues that plaintiff's ERISA claim should be dismissed under Rule 12(b)(6) and/or Rule 56 because plaintiff's health plan falls under ERISA's church plan exemption provision.   ERISA was amended by COBRA to require employers who participate in group health plans to continue to provide health coverage to employees who leave work under certain statutorily prescribed circumstances.[12]  The ERISA statute explicitly exempts "church plans", which it defines as those plans "established and maintained ... for its employees ... by a church or by a convention or association of churches exempt from federal income tax.[13] "Associated with a church" means that an entity shares "common religious bonds and convictions with that church or association of churches."[14]

The United States Fourth Circuit Court of Appeals considered the "church plan" exemption in *Lown v. Continental Casualty Ins. Co.*, 238 F.3d 543 (4th Cir. Feb. 2, 2001).  There, the *Lown* court considered three factors to decide whether an organization shares such common bonds and convictions with a church: (1) whether the religious institution plays an official role in the governance of the organization; (2) whether the organization receives assistance from the religious institution; and (3) whether a denominational requirement exists for any employee or

---

[11] *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

[12]  29 U.S.C. §§1161-1168.

[13]   29 U.S.C. §1002(33)(C)(i).

[14]   29 U.S.C. §1002(33)(C)(iv).

patient/customer of the organization.  Applying the *Lown* factors to this case, it is clear that none of the defendant's submitted materials shed light on whether Dubuis Hospital of Alexandria's health plan is an ERISA church plan.

In terms of factor #1, the evidence does not establish that Christus Health plays an official role in the governance of Dubuis Hospital of Alexandria.  An organization is controlled by a church when, a religious institution appoints a majority of the organization's officers or directors.[15]  In Erick Smith's declaration, he states that Christus directly elects one half of Dubuis's voting Board members.[16]  One-half is not a majority.  From the declaration, there appears to be a line of demarcation where Christus Health operates acute care hospitals and Dubuis operates specialty, long-term acute care facilities autonomously.[17] Paragraph 12 of the Declaration states that "the Dubuis Governing Board, through its executives, autonomously conducts the daily operations of its healthcare facilities."  Paragraph 20 of the declaration states that Christus permits Dubuis to participate in its programs that provide coverage for medical malpractice, workers' compensation and/or property loss claims, as well as its retirement and matched savings programs.  The declarant fails to state whether Dubuis Hospital of Alexandria can participate in Christus' health plans.  Thusly, it is indeterminate whether Dubuis' health plan is a church plan on the basis of this declaration.

Likewise, the Department of Labor Advisory Opinion submitted by Defendant simply does not establish that Dubuis' health plan is a church plan.  Firstly, the Department of Labor

---

[15]   *Lown,*, 238 F.3d at 547 (citing 26 C.F.R. §1.414(e)-1(d)(2).

[16]   <u>See</u> Defendant Exhibit 3, Smith Dec. ¶ 14.

[17]   <u>See</u> Defendant Exhibit 3, Smith Dec. ¶¶ 9, 10, & 12.

advisory opinion forwarded to undersigned counsel as church plan proof was written over ten years ago.  Organizations do not necessary remain static for such a period of time, let alone health plans offered by an organization.  The advisory opinion goes on to identified the Plans that were the subject of defendant's request for a "church plan" opinion.  Plaintiff's health insurance at Dubuis Health System of Alexandria, Benesys,[18] was not listed among the Plans that were the subject of defendant's request for a "church plan" opinion.  Thus, the advisory opinion sheds no light on whether Dubuis Health System of Alexandria's health plan is a "church plan." Mindful of the law that a church plan does not include all plans maintained by a church,[19] it is unclear from the information submitted with defendant's motion whether Christus Health relinquished administration of Dubuis Hospital of Alexandria's health plan to an independent third party such that it would not be a "church plan."

In terms of factor #2, the defendant has made no showing whether Dubuis Hospital of Alexandria actually receives any support from Christus Health.  In terms of factor #3, defendant has made no showing that a denominational requirement exists for anybody associated with Christus Health.

Thus, whether or not Dubuis Hospital of Alexandria is "associated with" Christus Health and shares its common religious bonds and convictions with Christus Health as a "church plan" is a factual issue, the determination of which will bear itself out during the discovery phrase of this litigation.  Moreover, whether or not plaintiff's particular health plan, Benesys, is a church plan will be revealed through the process of discovery, not at this early stage in the litigation.

---

[18]  See Plaintiff's Benesys Health Insurance Card, Exhibit A.
[19]  *Lown v. Continental Casualty Ins. Co.*, 238 F.3d 543, 547 (4th Cir. Feb. 2, 2001)(citing 29 U.S.C. §1002(33)(B)(i)).

Therefore, in the light most favorable to the plaintiff and with every doubt resolved in her behalf, the plaintiff's complaint states a valid claim for relief under ERISA.  Alternatively, there are genuine issues of material fact with regard to whether Benesys is a "church plan" that as a matter of law, judgment cannot be rendered in favor of the defendant on this claim.

Should this Honorable Court find that the defendant's church plan is not subject to the requirements of ERISA, the defendant's church plan is, nevertheless, subject to the requirements of state law.[20]  Consequently, plaintiff requests this Honorable Court to exercise its supplemental jurisdiction over state law claims and allow the plaintiff time within which to amend her complaint to state a cause of action under state law pursuant to LSA-R.S. 22:215 *et seq*.

**B.**    **Plaintiff has sufficiently stated claims for wrongful termination due to breach of implied contract and the breach of the covenant of good faith and fair dealing**.

In arguing that plaintiff's Counts III & IV fail to state a cause of action under Louisiana law, defendant confuses testing the sufficiency of evidence to ultimately prevail on a claim with testing the formal sufficiency of stating a claim for relief.  For its argument, Defendant relied on various Louisiana cases, all of which were either in the summary judgment phases of litigation or after a trial on the merits, none of which were in a Rule 12(b)(6) posture.[21]  In each case there, the plaintiff had the opportunity to offer evidence.  Plaintiff here requests the opportunity to do the same.

**C.**    **Defendant is not entitled to Attorney's Fees for filing this Motion**.

---

[20] *Barrientos v. Reliance Standard Life Ins. Co*., 911 F.2d 1115, 1116 (5th Cir.1990).

[21] *Stanton v. Tulane University of La.*, 2000-0403 (La.App.4th Cir. 01/10/2001)  777 So.2d 1242, 1250-51; *Copeland v. Gordon Jewelry Corp*., 288 So.2d 404 (La. App. 4th Cir.1974); *Brannan v. Wyeth Labs, Inc*. 526 So.2d 1101 (La. 1988).

Plaintiff has articulable good faith bases for pleading the above claims.  Consequently, the defendant is not entitled to attorney's fees.  Undersigned counsel disagrees with defendant's characterization that there are fatal flaws in Counts  I, III, and IV of plaintiff's complaint.

### III.  CONCLUSION

A Rule 12(b)(6) motion is not a procedure for resolving a contest about the facts or merits of the case.[22]  The court's task is very limited under Rule 12(b)(6) where the determinative issue is not whether the plaintiff will ultimately prevail or is likely to prevail, but rather whether the plaintiff is entitled to offer evidence to support the claims upon which he or she sues.[23]

Respectfully Submitted,

/s/ Dayne M. Freeman
**DAYNE M. FREEMAN**
**LOUISIANA BAR ROLL NO. 27807**
**FREEMAN LAW FIRM, LLC**
Roumain Building
343 Third Street, Suite 404
Baton Rouge, LA 70801
Telephone No. (225) 343-1331
Facsimile No. (225) 343-1451
*Counsel for Plaintiff Celestine Polk*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2007 a true and correct copy of the above and foregoing OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS I, III, AND IV OF PLAINTIFF'S COMPLAINT AND JURY DEMAND PURSUANT TOFEDERAL

---

[22]  5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, §1356 (2d ed. 1990).

[23]  *Scheuer*, 416 U.S. at 236.

RULE OF CIVIL PROCEDURE 12(b)(6) AND/OR RULE 56 was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by the operation of the court's electronic filing system.

      s/Dayne M. Freeman