U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 28 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **CELESTINE MICHELLE POLK** | **CIVIL ACTION NO. 06-1517-A** |
| -vs- | **JUDGE DRELL** |
| **DUBUIS HEALTH SYSTEM d/b/a DUBUIS HOSPITAL OF ALEXANDRIA** | **MAGISTRATE JUDGE KIRK** |

### RULING

Before the Court is "Defendant's Motion to Dismiss Counts I, III, and IV of Plaintiff's Complaint and Jury Demand Pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or Rule 56." (Document No. 8.) Plaintiff has opposed the motion, and the Court finds no need for oral argument. For the reasons set forth herein, the motion is DENIED.

### STATEMENT OF THE CASE

Plaintiff, Celestine Michelle Polk, who was employed as a Certified Nursing Assistant with Dubuis Health System, Inc. ("Dubuis"), alleges she was improperly terminated on September 9, 2005. Ms. Polk further contends Dubuis failed to offer her the opportunity to continue her existing health coverage at her own expense following her termination, as required by federal law.

Defendant, Dubuis, responds that plaintiff was terminated for legitimate business reasons, and, because its employee medical plan is a "church plan," it did not have to comply with the requirements of the Consolidated Omnibus Budget Reconciliation Act ("COBRA").

## LAW AND ANALYSIS

### Fed. R. Civ. P. 12(b)(6) and Summary Judgment Standards

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "is viewed with disfavor and is rarely granted . . . . [T]he question . . . is whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." Gregson v. Zurich American Insurance Co., 322 F.3d 883, 885 (5th Cir. 2003) (internal quotations and citations omitted). If "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the pleadings and summary judgment evidence in the light most favorable to the nonmovant. Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997). The nonmovant "must set forth specific facts to establish that

there is a genuine issue for trial, but where the evidential submissions lack probative value as to a genuine issue, summary judgment is appropriate." Id. In this regard, the substantive law determines what facts are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A material fact issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. See also Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

**COUNT 1, ERISA and COBRA**

The Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, et seq. is a "'comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans.'" Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 137 (1990) (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983)). ERISA was amended by COBRA, 29 U.S.C. §§ 1161, et seq., to require that the plan sponsor of each group health plan allow qualified beneficiaries who would lose coverage under certain circumstances to elect continued coverage.

29 U.S.C. § 1003(b) provides that Subchapter I of ERISA, "shall not apply to any employee benefit plan if – (2) such plan is a church plan (as defined in § 1002(33) of this title)" that has not separately elected to be subject to the requirements of ERISA. A "church plan" is defined as "a plan established and maintained . . . for its employees (or their beneficiaries) by a church or by a

convention or association of churches which is exempt from tax under section 501 of Title 26." 29 U.S.C. § 1002(33)(A).

Under 29 U.S.C. § 1002(33)(C)(ii),

> The term employee of a church or a convention or association of churches includes . . . (II) an employee of an organization, whether a civil law corporation or otherwise, which is exempt from tax under section 501 of Title 26 and which is controlled by or associated with a church or a convention or association of churches.

Additionally, 29 U.S.C. § 1002(33)(C)(iv) explains:

> An organization, whether a civil law corporation or otherwise, is associated with a church or a convention or association of churches if it shares common religious bonds and convictions with that church or convention or association of churches.

In support of the instant motion and in opposition to it, both parties cite the three factors enumerated in Lown v. Continental Casualty Company, 238 F.3d 543, 548 (4th Cir. 2001) that "bear primary consideration" regarding whether an organization shares such "common religious bonds and convictions" with a church:

> (1) Whether the religious institution plays an official role in the governance of the organization; (2) whether the organization receives assistance from the religious institution; and (3) whether a denominational requirement exists for any employee or patient/customer of the organization.

Counsel has not drawn the Court's attention to any Fifth Circuit cases on this point, and the Court has not located any during its own research. Of note, however, are Judge Porteous's decisions in Health Cost Control v. Fuxan, 1997 U.S. Dist. LEXIS 16371 (E. D. La. 10/17/97) and Health Cost Control v. Fuxan, 1997

U.S. Dist. LEXIS 18371 (E. D. La. 11/17/97). Those rulings both arose from the same factual scenario, in which the "plan" at issue was sponsored by Christian Brothers Major Superiors and was administered by an independent third party, Christian Brothers Services, Inc. Christian Brothers Employee Benefit Trust, the entity which selected the plan administrator, was composed of seven members, only two of whom were members of a religious organization associated with a church. In finding the plan was not a "church plan," the court emphasized that the majority of lay people on the board of trustees constituted sufficient reason to remove the case from the scope of 29 U.S.C. § 1002(33).

In the instant case, mover has submitted the "28 U.S.C. § 1746 Declaration of Erick Smith." (Document No. 8.)[1] Mr. Smith explains that,

> 4. Dubuis is a nonprofit 501(c)(3) corporation whose sole corporate member is Christus Health ("Christus"), a nonprofit corporation established and operated by the Houston and San Antonio Congregations of the Sisters of Charity of the Incarnate Word ("SCH" and "SCSA").
>
> * * *
>
> 6. Christus is a nonprofit 501(c)(3) corporation, whose sole members are Sisters from either the SCH or SCSA Congregation.

---

[1] Fed. R. Civ. P. 56 anticipates the use of affidavits, but 28 U.S.C. § 1746 allows unsworn declarations made under penalty of perjury to be substituted for affidavits under certain circumstances. The declaration submitted in the instant case appears to fulfill the procedural requirements of § 1746. Although not often referenced in Fifth Circuit jurisprudence and not robustly embraced in practice, such declarations have some assurance of veracity and may be used to support or controvert a summary judgment motion. See Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300, 1307 (5th Cir. 1988).

* * *

12. The Dubuis Governing Board, through its executives, autonomously conducts the daily operations of its healthcare facilities.

* * *

14. Christus founded Dubuis . . . is the corporation's sole corporate member . . . and directly elects one [-] half of Dubuis' voting Board members.

15. The Dubuis Board is currently comprised of 10 voting members, which has been the case for at least the past five years.

16. Three of Dubuis' Board members are themselves members of a religious Order, including one Catholic Priest and two Sisters.

Mover has also filed the "28 U.S.C. § 1746 Declaration of Gaye A. Beck," (Document No. 16), in which Ms. Beck states that she is the Benefits Coordinator with Dubuis Health System, Inc. She further explains that the plan at issue is called the "Dubuis Health System Employee Benefit Plan" ("The Plan"). Dubuis is the Plan Sponsor and the Plan Administrator, while Benesys, Inc. is the third party administrator.

Thus, the information before the Court shows the Plan is sponsored and administered by Dubuis; the Dubuis Governing Board "autonomously" conducts the operations of Dubuis; seven of the ten members on the Dubuis Governing Board are lay people; and only half of those ten members are actually elected by Christus, the entity whose sole members are Sisters from SCH or SCSA. There is

no evidence that a denominational requirement exists for any employee or customer of Dubuis.

Applying the Lown factors set forth above and the excellent logic of Judge Porteous to this scenario, the Court is unable to find the defendant has established the Plan is a "church plan," which would be exempt from the mandates of ERISA/COBRA.

## COUNTS III AND IV, IMPLIED CONTRACT OF EMPLOYMENT ISSUES

Defendant seeks to have Counts III and IV of the Complaint dismissed because it contends Louisiana law does not recognize an implied contract of employment under the circumstances alleged by plaintiff. Specifically, defendant argues that "[e]mployee handbooks and/or policies, including grievance procedures, do not create exceptions to the at-will presumption or confer contractual rights." (Document No. 8.) The Court has found nothing to dispute this as an accurate statement of Louisiana's law.

In response, plaintiff notes the cases relied upon by defendant were decided based upon some presentation of evidence, not on motions under Fed. R. Civ. P. 12(b)(6). (Document No. 15.)

In its memorandum supporting the current motion, defendant asserts that only the ERISA issue is being presented in a "partial summary judgment" fashion, while the state law matters are before the Court in a Rule 12(b)(6) posture. As noted above, Rule 12(b)(6) motions are viewed with disfavor, are rarely granted,

7

and require the Court to view the complaint in the light most favorable to the plaintiff.

Although Ms. Polk partially bases her implied employment contract arguments on policies and grievance procedures such as those that apparently would not overcome an employment at-will presumption, she also alleges Dubuis held "employee staff meetings where management would stress that employees had a contract of employment . . . ." (Document No. 1, Paragraph 52.)

While this contention may ultimately prove insufficient to carry the day for plaintiff, it is strong enough to resist dismissal at this point in the litigation.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss Counts I, III and IV of Plaintiff's Complaint and Jury Demand Pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or Rule 56 (Document No. 8) is DENIED.

SIGNED on this 28th day of September, 2007, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE